# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA BAIER,

                Plaintiff,

v.

AUSTIN ZILLMER,

                Defendant.

Case No. 24-CV-1307-JPS

**ORDER**

## 1. INTRODUCTION

In October 2024, Plaintiff Joshua Baier ("Plaintiff") sued Defendant Austin Zillmer ("Zillmer") and Layin Low Transport, LLC ("Layin Low") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA") and the Wisconsin Wage Payment and Collection Laws ("WWPCL"), WIS. STAT. Chap. 109. ECF No. 1. Layin Low was subsequently voluntarily dismissed from this action. ECF No. 9; Mar. 5, 2025 docket entry.

Zillmer was served on December 17, 2024 but failed to timely appear and respond. ECF No. 6; Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff requested Clerk's entry of default, ECF No. 7, and the Clerk of Court entered default against Zillmer, Jan. 29, 2025 docket entry. Now before the Court is Plaintiff's motion for default judgment. ECF No. 10. Zillmer did not respond to Plaintiff's motion. It is accordingly ripe for the Court's consideration. For the reasons discussed herein, the Court will grant the motion in part and enter default judgment against Zillmer in the amount of $2,550.00, plus 70% of the requested attorney's fees and the full costs.

**2. FACTS[1]**

In August 2023, Layin Low (a business entity engaged in commerce in Wisconsin) and Zillmer (who owned, operated, and managed Layin Low) hired Plaintiff into the non-exempt position as Mechanic, reporting directly to Zillmer. Layin Low and Zillmer agreed to pay Plaintiff a rate of $30.00 per hour for all hours worked on their behalf, with their knowledge, at their direction, or for their benefit. Plaintiff was compensated weekly via check for his hours worked, which often exceeded forty hours per week. His workweek ran from Sunday through Saturday.

Zillmer supervised Plaintiff's day-to-day activities, established his work schedule, provided his work assignments, and established the rules, terms, and conditions by which Plaintiff abided in the workplace. During the relevant period, Layin Low had more than two employees and had an annual dollar volume of sales or business exceeding $500,000.00. During that period Zillmer had the authority to (and actually did) hire, terminate, demote, and or suspend Plaintiff and/or other of Layin Low's employees.

In December 2023, Plaintiff's employment with Layin Low ended. To date, Zillmer and Layin Low have not compensated Plaintiff for the approximately eighty hours he worked at Zillmer's direction between December 3, 2023 and December 16, 2023. *See* ECF No. 12 at 2. Specifically,

---

[1]Facts relevant to this Order are drawn from the complaint, ECF No. 1. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (noting that, for purposes of default judgment, court must accept complaint's factual allegations as true, except those relating to damages (citing Fed. R. Civ. P. 8(b)(6) and *Quincy Bioscience, LLC v. Ellishbooks*, 957 F.3d 725, 725 (7th Cir. 2020))). Citations thereto are omitted for brevity. The Court also cites to and relies on Plaintiff's declaration, ECF No. 12, to the extent that it is consistent with his complaint.

Plaintiff worked fifty hours the week starting December 3, 2023 and thirty hours the week starting December 10, 2023 but was not paid for this time. *Id.*

## 3. LAW AND ANALYSIS

### 3.1 Jurisdiction

"Before the court can consider entering judgment, . . . it must be satisfied that subject matter jurisdiction exists over this lawsuit." *Abele v. Abele*, No. 21-cv-370-wmc, 2021 WL 3190391, at *1 (W.D. Wis. July 28, 2021) (citing *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit.")). The Court is satisfied that it has subject matter jurisdiction. Plaintiff invokes 28 U.S.C. § 1331 "because this case involves federal questions under the [FLSA]." ECF No. 1 at 1. Plaintiff also invokes 28 U.S.C. § 1367 for supplemental jurisdiction over his WWPCL claim. *Id.* at 1–2 ("[T]hese claims are so related . . . that they form part of the same case or controversy . . . .").

The Court is also satisfied that it has personal jurisdiction over Zillmer. *See e360 Insight v. Spamhouse Project*, 500 F.3d 594, 598 (7th Cir. 2007) ("Default judgments rendered without personal jurisdiction are void . . . ." (collecting cases)). This is because Zillmer was both engaged in substantial activities in Wisconsin by virtue of overseeing Plaintiff's employment and he was present in Wisconsin when served. *See Curry v. Revolution Lab'ys, LLC*, 949 F.3d 385, 393 (7th Cir. 2020) ("In a case involving federal question jurisdiction, 'a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant.'") (quoting *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th

Cir. 2010)); WIS. STAT. § 801.05(1) (Wisconsin courts have jurisdiction over persons "present within [Wisconsin] when served," persons "domiciled within th[e] state," "domestic . . . limited liability companies," or persons or companies who "engage[] in substantial . . . activities" within Wisconsin); *see, e.g., Wendt v. Trifecta Sols. LLC*, No. 23-CV-1415-JPS, 2024 WL 3201159, at *4 (E.D. Wis. June 27, 2024) (finding personal jurisdiction in similar circumstances). For all these reasons, the Court is satisfied that it has the requisite forms of jurisdiction over this matter.

### 3.2 Liability

"Even after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Quincy Bioscience, LLC v. Bryk Enter., LLC*, No. 22-cv-658-jdp, 2023 WL 2933464, at *3 (W.D. Wis. Apr. 13, 2023) (quoting 10A FED. PRAC. & PROC. CIV. § 2688.1 (4th ed. 2025)). The Court accordingly proceeds to analyze whether the facts detailed *supra* Section 2 suffice to establish Zillmer's liability under the FLSA and the WWPCL.

#### 3.2.1 FLSA

The Court begins with analyzing whether Zillmer is, as Plaintiff alleges in the complaint, an "employer" under the FLSA such that he may be deemed liable under that Act. ECF No. 1 at 2. The question of whether a party is an "employer" under the FLSA is a question of law.[2] *Karr v. Strong Detective Agency, Inc., Div. of Kane Servs*., 787 F.2d 1205, 1206–07 (7th Cir. 1986). "The FLSA defines 'employer' . . . to include 'any person acting directly or indirectly in the interest of an employer in relation to an

---

[2]Plaintiff did not address this question of law anywhere in his brief. *See* ECF No. 11.

employee.'" *Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001) (quoting 29 U.S.C. 203(d) and citing *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987); *Herman v. RSR Security Servs., Ltd.*, 172 F.3d 132, 139–40 (2d Cir. 1999); and *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998)). "The word 'employer' is defined broadly under the FLSA to fulfill Congress's remedial intent." *Arteaga v. Lynch*, No. 10 C 1444, 2013 WL 5408580, at *12 (N.D. Ill. Sept. 26, 2013) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) and *Bastian v. Apartment Inv. & Mgmt. Co.*, No. 07 C 2069, 2008 WL 4671763 (N.D. Ill. Oct. 21, 2008)).

Given Plaintiff's allegations regarding Zillmer's oversight, direction, and management of Plaintiff, *see supra* Section 2, the Court is satisfied that he is an "employer" under the FLSA. *See Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983) ("The overwhelming weight of authority is that a corporate officer with operational control . . . is an employer . . . [and is] jointly and severally liable [with the corporation] under the FLSA for unpaid wages." (collecting cases)); *Freemon v. Foley*, 911 F. Supp. 326, 331 (N.D. Ill. 1995) (corporate officers with "operational control" over an employing entity are employers within the meaning of FLSA (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), *superseded by statute on unrelated grounds as recognized by M.J. by and through S.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 446, n.4 (6th Cir. 2021))); *see, e.g., Hernandez v. City Wide Insulation of Madison, Inc.*, No. 05-C-303, 2006 WL 1993552 at *3–4 (concluding that a managerial employee of the corporate defendant was an employer within the definition of FLSA because he has the authority to hire and fire employees and participated in determining the rates and method of payment for employees).

The Court next evaluates Plaintiff's allegations as to Zillmer's liability under the FLSA. Plaintiff alleges that Zillmer violated the FLSA's minimum wage requirements. ECF No. 1 at 8–10. Section 206 of the FLSA provides that "[e]very employer shall pay to each of his employees who . . . is employed in an enterprise engaged in commerce" a minimum wage of $7.25 an hour. 29 U.S.C. § 206(a)(1)(C). Section 215 provides that it is unlawful to "violate any of the provisions of [S]ection 206" of the FLSA. 29 U.S.C. § 215(a)(2). Plaintiff alleges that Zillmer failed to pay him for any of his approximately fifty hours worked during the workweek beginning December 3, 2023 and approximately thirty hours worked during the workweek beginning December 10, 2023, thereby "failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour" for that period. ECF No. 1 at 9; ECF No. 11 at 4; ECF No. 12 at 2. The Court is satisfied that Plaintiff has established Zillmer's liability under Sections 206 and 215 of the FLSA. *See Cline v. FitzMark Chi., Inc.*, No. 21 CV 04253, 2023 WL 2711615, at *3 (N.D. Ill. Mar. 30, 2023) ("An allegation that an employer failed to pay any wages necessarily includes a claim that the employer failed to pay minimum wages as required by the FLSA." (citing *Conley v. Team Info Age*, No. 03 C 0639, 2004 WL 528004, at *1 (N.D. Ill. Jan. 28, 2004))).

Plaintiff further alleges that Zillmer violated the FLSA's overtime wage requirements. ECF No. 1 at 7–8. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Section 215 provides that it is unlawful to "violate any of the provisions of . . . [S]ection 207" of the FLSA. 29 U.S.C.

§ 215(a)(2). Plaintiff alleges that Zillmer failed to compensate him for any of the fifty hours he worked during the workweek beginning December 3, 2023, including failing to compensate him "at a premium rate of pay for the ten . . . hours he worked in excess of forty." ECF No. 11 at 4; ECF No. 12 at 2. The Court is satisfied that Plaintiff has established Zillmer's liability under Sections 207 and 215 of the FLSA.

### 3.2.2 WWPCL

The Court next turns to Plaintiff's claim under the WWPCL. The Court again begins by determining whether Zillmer is, as Plaintiff alleges, ECF No. 1 at 3, an "employer" under the WWPCL.[3] For purposes of Plaintiff's failure to pay agreed-upon wages claim, the WWPCL defines an "employee" as "any person employed by an employer," subject to certain statutory exclusions that are inapplicable here. WIS. STAT. § 109.01(1r). An "employer" is defined, as pertinent here, as "any person engaged in any activity, enterprise or business employing one or more persons within the state." WIS. STAT. § 109.01(2). For purposes of Plaintiff's overtime claim, the WWPCL defines an "employee" as "any person who may be required or directed by any employer, in consideration of direct or indirect gain or profit, to engage in any employment, or to go or work or be at any time in any place of employment." WIS. STAT. § 103.001(5). An "employer" is defined as "any person, . . . as well as any agent, manager, representative or other person having control or custody of any employment, place of employment or of any employee." WIS. STAT. § 103.001(6).

---

[3]Plaintiff's brief fails to analyze this question in any fashion. *See* ECF No. 11.

Based on these definitions, and for similar reasons as it so concluded pertaining to FLSA, the Court finds that Plaintiff is an "employee" and Zillmer is an "employer" under the WWPCL. *See Salzmann v. Wergin*, No. 22-C-894, 2025 WL 506638, at *2 (E.D. Wis. Feb. 14, 2025) ("The WWPCL broadly defines 'employer' . . . ." (citing *Riordan*, 831 F.2d at 694)). Zillmer was the owner and operator of Layin Low and directly supervised Plaintiff's work, established his work schedule, and provided his work assignments. Because Zillmer had control over Plaintiff and was engaged in a business employing one or more persons in Wisconsin, WIS. STAT. §§ 109.01(2) and 103.001(6), the Court is satisfied that Zillmer is an "employer" for purposes of the WWPCL. "Further, and also like the FLSA, under Wisconsin law, an individual employer may be jointly and severally liable with a company employer if the individual employer had a 'right to control the manner and conduct of the [employee's] work.'" *Wendt*, 2024 WL 3201159, at *7 (quoting *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 674 (7th Cir. 2022) and citing *Montana v. JTK Restorations, LLC*, No. 14-C-487, 2015 WL 5444945, at *2 (E.D. Wis. Sept. 14, 2015)).

Plaintiff alleges that Zillmer violated the WWPCL by failing to timely pay him his agreed-upon wages. ECF No. 1 at 12–14; ECF No. 11 at 4.[4] The WWPCL provides that every employer shall pay "all wages earned

---

[4]In his complaint, Plaintiff purports to state three separate claims under the WWPCL—one for overtime wages, one for minimum wages, and one for failure to pay an agreed-upon wage. ECF No. 1 at 10–14. But the WWPCL does not have a minimum wage provision distinct from its general requirement that employers shall pay employees "all wages earned." WIS. STAT. § 109.03(1). Chapter Four of the Wisconsin Statutes does, *see* WIS. STAT. § 104.02 ("Minimum wage: requirement to pay."); *see also generally Brant*, 43 F.4th 656 (acknowledging a state law claim for failure to pay minimum wage under WIS. STAT. § 104.02), but Plaintiff has never asserted liability under that statute and seems to abandon it by omitting reference to the WWPCL minimum wage claim in his motion for default

by the employee" no later than within 31 days from the employee earns them. WIS. STAT. § 109.03(1). Further, "[a]ny employee who is absent at the time fixed for payment or who for any other reason is not paid at that time shall be paid thereafter at any time upon 6 days' demand." *Id.* As discussed *supra* Section 3.2.1, Plaintiff has established for purposes of default judgment that Defendant failed to pay him his wages owed for approximately eighty hours of work. *See also* ECF No. 11 at 4. He has further supported that his agreed upon wage was $30.00 per hour. *Id.*; ECF No. 1 at 4; ECF No. 12 at 1.

Because the weeks that Plaintiff alleges remain unpaid are his last two weeks working at Layin Low, it is unclear whether he was absent on the payday for those weeks and therefore needed to make a "demand" for the unpaid wages under Wisconsin Statutes § 109.03(a). If that is the case, however, the Court reasons that the complaint filed in this case—which was served on Zillmer, *see* ECF No. 6—could constitute a demand for payment. *See* Fed. R. Civ. P. 8(a)(3) (requiring that a pleading contain "a demand for the relief sought"); ECF No. 1 at 14 (requesting that the defendants be ordered to make Plaintiff whole by providing unpaid wages). Thus, Zillmer's failure to pay Plaintiff the wages he was due within six days of the date he was served with the complaint precludes any argument that Zillmer simply has not paid Plaintiff because Plaintiff was absent on payday and did not demand payment. Accordingly, the Court is satisfied

---

judgment, *see generally* ECF Nos. 1 and 11. The Court will not analyze Plaintiff's minimum wage claim under the WWPCL. Plaintiff also seems to abandon his overtime claim under the WWPCL by failing to mention or support it in his motion for default judgment. The Court will independently analyze the viability of Plaintiff's overtime claim under the WWPCL to enable recovery for Plaintiff under one statutory scheme. *See infra* Section 3.3.

that Plaintiff has established that Zillmer is liable under the WWPCL for failure to pay agreed-upon wages.

Plaintiff next alleges that Zillmer violated the WWPCL by failing to pay him overtime wages. ECF No. 1 at 10–11. While Plaintiff seems to abandon his overtime claim under the WWPCL in his motion for default judgment, *see supra* note 4, the Court nevertheless analyzes it so that it may utilize just one statutory scheme in awarding damages, *see infra* Section 3.3. The WWPCL provides that for certain periods of time, and employee shall be "paid for at the rate of at least one and one-half times the regular rate[]," WIS. STAT. § 103.02; the Wisconsin Administrative Code § DWD 274.03 clarifies that this one and one-half rate applies "for all hours worked in excess of 40 hours per week." *Hussein v. Jun-Yan, LLC,* 502 F. Supp. 3d 1366, 1373 (E.D. Wis. 2020) ("Under . . . Wisconsin state law, employers must pay overtime to employees who work more than 40 hours in a work week at a rate of 1.5 times the employee's regular hourly wage." (citing WIS. STAT. § 103.02 and WIS. ADMIN. CODE DWD § 274.03)). As discussed *supra* Section 3.2.1, Plaintiff has established for purposes of default judgment that Defendant failed to pay him overtime wages owed for approximately ten hours of work.

### 3.3   Relief

Having concluded that Plaintiff has established Defendant's liability under the FLSA and the WWPCL, the Court turns to the matter of relief sought. A default judgment movant bears the responsibility to prove its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. *See Wehrs v. Wells,* 688 F.3d 886, 892 (7th Cir. 2012) (citing *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990)). Indeed, "even when a default judgment is warranted based on a party's failure to defend, the

allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry "to ascertain the amount of damages with reasonable certainty." *e360 Insight*, 500 F.3d at 602 (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (internal bracketing omitted)). "[J]udgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Where, as here, a defendant has failed to appear and thus has not produced any records as to hours worked and payment, the Court is entitled to credit Plaintiff's recollections and damages estimates. *Wendt*, 2024 WL 3201159, at *11 (citing *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 42–43 (E.D.N.Y. 2015); *Serrano v. Chicken-Out Inc.*, 209 F. Supp. 3d 179, 187 (D.D.C. 2016); and *Santillan v. Henao*, 822 F. Supp. 2d 284, 293 (E.D.N.Y. 2011)).

Plaintiff seeks to recover back wages and liquidated damages.[5] ECF No. 1 at 14. The Court begins with Plaintiff's request for back wages. The WWPCL entitles Plaintiff to "the full amount of the employee's wages due." WIS. STAT. § 109.03(5). Plaintiff argues that, under the WWPCL, he is owed a total of $2,400.00 in wages for his eighty hours of work during the relevant period—including fifty hours for the week of December 3 and thirty hours for the week of December 10. ECF No. 11 at 5 (multiplying eighty hours worked by $30.00 per hour). Plaintiff argues that he is further entitled to

---

[5]Plaintiff's complaint references injunctive relief but his brief in support of his motion for default judgment does not. *Compare* ECF No. 1 at 11, 12, 14 *with* ECF No. 11. The Court will accordingly discuss the matter of injunctive relief no further.

$150.00 as an "overtime premium rate" for the ten hours in excess of forty that he worked the week of December 3, 2023. *Id.* (multiplying ten hours by $15.00 per hour, which is half of Plaintiff's regular rate of pay).[6] He contends that he is entitled to this premium per the FLSA, which "requires that employers compensate employees . . . 'at a rate not less than one and one-half times the regular rate at which he is employed' for all hours worked each 'workweek longer than forty hours.'" *Id.* (quoting 29 U.S.C. § 207(a)(1)). While Plaintiff neglected to brief this issue in his motion for default judgment, the Court has nevertheless concluded that he is alternatively entitled to overtime pay under the WWPCL. *See supra* Section 3.2.2. The Court agrees with Plaintiff's calculation and therefore agrees that Plaintiff is entitled to a total of $2,550.00 in backpay ($2,400.00 under the WWPCL for his regular rate, plus a $150.00 premium under either FLSA or the WWPCL).[7]

---

[6]While Plaintiff does not explain why he uses a multiplier of half of his regular rate of pay, rather than the one and a half times as provided by the FLSA, the Court understands it to be because Plaintiff is not entitled to double recovery for his hours worked. *See Turentine v. Am. Global Mgmt.*, No. 1:19-cv-01753-JPH-DLP, 2020 WL 551115, at *3 (S.D. Ind. Feb. 4, 2020) (citing *Murphy v. Smith*, 864 F.3d 583, 587 n.1 (7th Cir. 2017))); *Yang v. Arora Hosp. LLC*, No. 23-CV-1007-JPS, 2024 WL 865820, at *7 (E.D. Wis. Feb. 29, 2024) (citing *Turentine*, 2020 WL 551115, at *3 and *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 589 F. Supp. 2d 1026, 1031 (E.D. Wis. 2008)). Thus, because he is already being awarded his regular rate of pay ($30.00 per hour) under the WWPCL for those ten overtime hours, he is only entitled to the "overtime premium" as counsel refers to it, for those same hours under the FLSA.

[7]The Court could, alternatively, reach this same number by awarding Plaintiff $30.00 per hour for the seventy regular hours he worked that went unpaid (equaling $2,100.00) and separately awarding him 1.5 times his regular rate, which calculates to be $45.00 per hour, for the 10 overtime hours that went unpaid (equaling $450.00). This, too, results in a finding of $2,550.00 as the amount of backpay Plaintiff is due.

The Court next addresses the matter of liquidated damages. The FLSA authorizes the recovery of liquidated damages in an amount equal to that recoverable in unpaid minimum wages. 29 U.S.C. § 216(b). "Under [the] FLSA, liquidated damages are mandatory, unless the trial court determines that the employer, while acting in good faith, reasonably believed that its conduct was consistent with the law." *Jackson v. Go-Tane Servs. Inc.*, 56 F. App'x 267, 273 (7th Cir. 2003) (citing 29 U.S.C. § 260). Meanwhile, the WWPCL provides that the Court may award "increased wages of not more than 50 percent of the amount of wages due and unpaid" "[i]n a wage claim action that is commenced by an employee before the department has completed its investigation." WIS. STAT. § 109.11(2)(a).[8] Under the WWPCL, the Court is not required to impose a penalty but may "do so in the exercise of its discretion." *Ellis v. Whitewater Auto Inc.*, No. 20-CV-37, 2023 WL 1795196, at *6 (E.D. Wis. Feb. 7, 2023) (quoting *Lynch v. Crossroads Counseling Ctr., Inc.*, 684 N.W.2d 141, ¶ 31 (Wis. Ct. App. 2004)), *report and recommendation adopted in part, overruled in part*, 662 F. Supp. 3d 971 (E.D. Wis. 2023); *see also Halusan v. Scan Grp., Inc.*, 19 N.W. 3d. 841 ¶ 46 (Wis. Ct. App. 2025) (noting that the statutory penalty of 50% of unpaid

---

[8]The "department" in this statute refers to Wisconsin's Department of Workforce Development. WIS. STAT. 109.01(1). "To encourage use of the [department], Wis. Stat. § 109.11(2)(b) halves the available penalty if the [department] is bypassed and a claim is directly pursued in . . . court." *Hubbard v. Messer*, 673 N.W.2d 676, ¶ 27 (Wis. 2003).

Plaintiff asserts that, under this provision, he is entitled to liquidated damages "equal and up to one hundred percent (50%) of the unpaid wages." ECF No. 11 at 4 (citing WIS. STAT. § 109.11(2)(a)). Since Plaintiff cites subsection (2)(a), and nothing in the record suggests that his wage claim action was "commenced after the department has completed its investigation," *see* WIS. STAT. § 109.11(2)(b), the Court assumes that it is the 50%, rather than 100%, liquidated damages measure that applies.

wages under WIS. STAT. § 109.11(2)(a) "may be imposed, according to the trial court's discretion"). Under Wisconsin law, "only wrongful withholding of wages for dilatory or other unjust reasons should be penalized." *Johnson v. Roma II-Waterford LLC*, 829 N.W.2d 538, ¶ 44 (Wis. Ct. App. 2013) (quoting *Wolnak v. Cardiovascular & Thoracic Surgeons of Cent. Wis., S.C.*, 706 N.W.3d 667, ¶ 54 (Wis. Ct. App. 2005)) (internal brackets omitted).

The Court concludes that liquidated damages are appropriate only under the FLSA here. Plaintiff has not alleged or provided evidence, and therefore the Court has no reason to believe, that he ever discussed the matter of his unpaid wages with Zillmer before filing this lawsuit.[9] And while Zillmer's failure to appear and defend in this matter may show a lack of good faith,[10] the Court does not see how it constitutes "dilatory" or otherwise "unjust" conduct such that discretionary liquidated damages under the WWPCL are appropriate. *See Johnson*, 829 N.W.3d at ¶¶ 45–47 (refusing to apply the FLSA's presumption of liquidated damages to the WWPCL's provision of liquidated damages and reiterating the Court's discretion in determining if liquidated damages are appropriate under the WWPCL). Plaintiff provides no caselaw to the contrary, i.e. to suggest that

---

[9] If this is the case and Plaintiff, in fact, did not discuss his unpaid wages with Zillmer and Layin Low before filing this lawsuit against them, such action runs counter to the WWPCL's intention of encouraging "disputes without [the need for] lengthy and financially prohibitive litigation." *Hubbard*, 673 N.W.2d ¶ 27.

[10] In fact, by virtue of failing to appear to defend against this action, Zillmer forfeited the opportunity to argue that he acted in good faith. *See Jackson*, 56 F. App'x at 273 (noting that the employer "bears a *substantial burden* in showing that it acted reasonably and with good faith" (emphasis in original) (quoting *Bankston v. State of Illinois*, 60 F.3d 1249, 1254 (7th Cir. 1995))).

failure to defend, alone, constitutes dilatory conduct under the WWPCL. Accordingly, Plaintiff has failed to meet his burden in showing that Zillmer's conduct was dilatory or unjust and that he should accordingly be penalized by the Court awarding Plaintiff liquidated damages under the WWPCL. *Johnson*, 928 N.W.3d at ¶ 44; *see Wehrs*, 688 F.3d at 892 (the default judgment movement bears the burden of proving his damages (citing *Merrill Lynch Mortg.*, 908 F.2d at 253)); *see Hubbard v. Messer*, 656 N.W.3d 475, ¶ 14 (Wis. Ct. App. 2002) ("[A]n employee who . . . goes straight to court without allowing the employer time to even 'write the check' will not necessarily be entitled to collect penalty wages when filing an enforcement action.").

In contrast to the WWPCL, the FLSA contains a burden-shifting framework such that, when a defendant-employer is found to have violated the provisions of the FLSA, "liquidated damages [are] mandatory unless the . . . [C]ourt finds that the defendant-employer was acting in good faith and reasonably believed that its conduct was consistent with the law." *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998) (citing 29 U.S.C. § 260). "The employer bears the burden of proving both good faith and reasonable belief." *Id.* (citing *Bankston*, 60 F.3d at 1254; *see also Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1223 (7th Cir. 1995) ("Double damages are the norm, single the exception." (citing *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986)). The Court has found that Zillmer violated the FLSA's minimum wage and overtime provisions, and because he failed to appear to defend this action, he also forfeited the opportunity to argue that he acted in good faith. *See Jackson*, 56 F. App'x at 273 (citation omitted). Accordingly, Plaintiff is entitled to liquidated damages in an

amount equal to his actual damages under the FLSA. *See* 29 U.S.C. § 216(b); *Avitia*, 49 F.3d at 1223.

Plaintiff is not entitled to double recovery, meaning that he cannot recover under both the FLSA and the WWPCL for the wages that he was not paid. *See Turentine,* 2020 WL 551115, at *3 (citing *Murphy*, 864 F.3d at 587 n.1)); *Yang*, 2024 WL 865820, at *7 (citing *Turentine*, 2020 WL 551115, at *3 and *DeKeyser*, 589 F. Supp. 2d at 1031). However, the Court may authorize his recovery under the statutory scheme that affords him the greatest recovery. *See Yang,* 2024 WL 865820, at *8; *Wendt*, 2024 WL 3201159, at *11 (same (citing *Triblett v. Arora*, No. 23-CV-993-JPS, 2024 WL 865802, at *8–9 (E.D. Wis. Feb. 29, 2024); *Jones v. Bos-Star Inc.*, No. 1:19-CV-271-HAB, 2020 U.S. Dist. LEXIS 8354, at *8 (N.D. Ind. Jan. 17, 2020); and *Villanueva v. Falcon Constr. Co.*, No. 2:09-CV-107-PPS-PRC, 2010 WL 1577277, at *5 (N.D. Ind. Apr. 14, 2010))). Plaintiff moves the Court to provide a hodgepodge remedy that combines backpay for overtime wages and associated liquidated damages under the FLSA with backpay for agreed upon wages and associated liquidated damages under the WWPCL. ECF No. 11 at 5–6. He provides no authority for the Court's discretion to so award damages,[11] however, so in the absence of supporting authority, the Court will decline to combine statutory schemes in this way. Instead, the Court will determine which statutory scheme entitles Plaintiff to an overall greater recovery and will award him damages pursuant to that one statutory scheme. *See, e.g.,*

---

[11]Indeed, Plaintiff's entire argument as to why he is entitled to liquidated damages consists of one sentence and is void of any supporting authority apart from the statutes themselves. Plaintiff's counsel further references the incorrect standard for liquidated damages under the WWPCL. *See* ECF No. 11 at 5 (asserting in conclusory fashion that because Zillmer's actions were "willful and intentional" Plaintiff is entitled to liquidated damages under the WWPCL).

*Yang*, 2024 WL 865820, at *8 (taking the same approach); *Wendt*, 2024 WL 3201159, at *12 (same).

Under the FLSA, Plaintiff is entitled to backpay for unpaid minimum wages ($7.25 per hour times seventy unpaid regular hours, which equals $507.50) plus unpaid overtime wages ($45.00 per hour times ten unpaid overtime hours, which equals $450.00), and liquidated damages of the same amount ($957.50). His total recovery under the FLSA, then, would be $1,915.00. As for his recovery under the WWPCL, Plaintiff is entitled to backpay for unpaid agreed-upon wages ($30.00 per hour times eighty unpaid hours, which equals $2,400.00), plus his unpaid overtime premium ($15.00 per hour times ten overtime hours, which equals $150.00). His total recovery under the WWPCL is thus $2,550.00. Accordingly, the Court will award Plaintiff the amount of his maximum recovery under the WWPCL, equal to $2,550.00.[12]

### 4. ATTORNEYS' FEES AND COSTS

Plaintiff also seeks to recover reasonable attorney's fees and costs. ECF No. 11 at 6–10. A prevailing plaintiff is entitled to recover reasonable attorneys' fees under the FLSA. *Koch v. Jerry W. Bailey Trucking, Inc.*, 51 F.4th 748, 757 (7th Cir. 2022) (quoting 29 U.S.C. § 216(b)). The same is true under the WWPCL. WIS. STAT. § 109.03(6); *Jacobson v. Am. Tool Cos., Inc.*, 588 N.W.2d 67, 69 (Wis. Ct. App. 1998). "A district court calculates attorney's fees using the 'lodestar' method: 'the number of hours that any attorney worked on the case multiplied by a reasonable hourly rate.'" *Salzmann*, 2025

---

[12]Because the amounts used to calculate this total are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," the Court need not hold a hearing on damages. *e360 Insight*, 500 F.3d at 602 (quoting *Dundee Cement Co.*, 722 F.3d at 1323).

WL 506638, at *2 (quoting *Jeffboat, LLC v. Dir., Off. of Workers' Comp. Programs*, 553 F.3d 487, 489 (7th Cir. 2009) and citing *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003)).

Attorney Scott S. Luzi represents that he billed 9.8 hours in this case at a rate of $450.00 per hour. ECF No. 13 at 4. Attorney David M. Potteiger represents that he billed 3.3 hours in this case at a rate of $450.00 per hour. ECF No. 14 at 3–4. They both represent that their hourly rate is "consistent with the prevailing market rates in the Wisconsin legal community for similar services." ECF No. 13 at 4; ECF No. 14 at 3.

While a well-briefed motion for default judgment might have satisfied the Court that this request for attorneys' fees was reasonable, Plaintiff's motion was not well-briefed. Instead, it contained several conclusory allegations, mis-stated legal standards, and an overall lack of explanation for its calculations and approach. *See supra* Sections 3.2.2 and 3.3; *supra* notes 2, 3, 4, 6, 8, 11. The Court, therefore, had to repeatedly fill in the gaps to explain why Plaintiff was or was not entitled to certain types of relief. *See supra* Section 3.2.2; *supra* notes 4, 6, 8. Ultimately, counsel's poor briefing may have cost Plaintiff liquidated damages under the WWPCL, because, as the Court explained *supra* Section 3.3, Plaintiff's motion does not provide enough information to meet the WWPCL's standard for liquidated damages. Accordingly, the Court will lower the attorneys' fees award by 30% to an amount that it considers to be reasonable based on counsel's supporting brief and the ultimate result of Plaintiff's motion. *See Siddiqui v. Nat'l Ass'n of Broad. Emps. & Technicians – Commc'ns Workers of Am.*, 132 F.4th 530, 533 (7th Cir. 2025) ("[T]he district court's discretion to award attorneys' fees encompasses both when to award fees and in what amount."). Plaintiff moves for a total award of $5,895.00 in attorneys' fees,

which the Court will lower by 30%, resulting in an award of $4,126.50.

The FLSA also provides that a prevailing party is entitled to costs, 29 U.S.C. § 216(b), as does the WWPCL, WIS. STAT. § 109.03(6). Plaintiff's counsel attest that they spent a total of $476.80 in costs, including the $402.00 filing fee, $70.00 for service of process, and $4.80 for postage. ECF No. 13 at 5. The Court will thus order Zillmer to pay $476.80 in Plaintiff's costs.

### 5. CONCLUSION

In light of the foregoing, the Court will grant Plaintiff's motion for default judgment, ECF No. 10, and will enter default judgment in favor of Plaintiff in the total amount of $7,153.30, which consists of $2,550.00 in damages ($2,400.00 for unpaid agreed upon wages plus $150.00 unpaid overtime premium under the WWPCL), $4,126.50 in Plaintiff's attorneys' fees, and $476.80 in costs.

Accordingly,

**IT IS ORDERED** that Plaintiff Joshua Baier's motion for default judgment, ECF No. 10, be and the same is hereby **GRANTED in part**;

**IT IS FURTHER ORDERED** that Defendant Austin Zillmer pay to Plaintiff Joshua Baier $2,550.00 in damages ($2,400.00 for unpaid agreed upon wages plus $150.00 unpaid overtime premium under the WWPCL), $4,126.50 in attorneys' fees, and $476.80 in costs, for a total amount of $7,153.30; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter default judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge